ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AARON LE VON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-100 |
| | ) | |
| THURBERT E. BAKER, Attorney General, JAMES E. DONALD, JACQUILINE BUNN, FRED BURNETTE, PAT ETHEREDGE, MARK FARRIS, BARBARA GRANT, DENNIS C. MCCRANIE, MARVIN MADISON, STEPHEN HART, PERRY HAMILTON, and GLEN JOHNSON, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, is proceeding *pro se* in the above-captioned case and has paid the filing fee of $350.00. This matter is now before the Court on the Plaintiff's Motion for Entry of Default (doc. no. 22), Plaintiff's Motion for Entry of Default Judgment (doc. no. 23), and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (doc. no. 24). Defendants oppose the motions. (Doc. no. 25). For the reasons below, the Court **REPORTS** and **RECOMMENDS** that the motions be **DENIED**.

I. **BACKGROUND**

Plaintiff, filed the above captioned complaint under 42 U.S.C. § 1983, on December

18, 2006. He filed a similar complaint, in April 2006, that was dismissed without prejudice for failure to exhaust administrative remedies.[1] Johnson v. Thurbert E. Baker, et al., CV 306-022 (S.D. Ga. Apr. 4, 2006). While the exact nature of Plaintiff's complaint is difficult to discern,[2] it appears that he believes he is being illegally detained; that he has been denied adequate access to the law library; and that he has been treated unfairly by some prison officials. When Plaintiff served his complaint, containing well over one hundred pages, on Defendants, they waived formal service, (see doc. nos. 8-19), but in lieu of answers, they filed a Motion for a More Definite Statement or in the Alternative, Request for Review under 28 U.S.C. § 1915A, which has been addressed in a separate Order. However, while Defendants' Motion for a More Definite Statement was pending, Plaintiff filed the present Motions for Default and Default Judgment, (doc. nos. 22 and 23), and Motion for a Temporary Restraining Order and Preliminary Injunction (doc. no. 24).

## II. REQUESTS FOR DEFAULT

A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a).

---

[1] Plaintiff has now reasserted his claims in the above-captioned case, but contends that his claims have now been exhausted. (Doc. no. 20, p. 3 ¶ 7).

[2] The Court has simultaneously entered an Order directing Plaintiff to amend his complaint to comply with Rule 8 of the Federal Rules of Civil Procedure.

2

Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. Plaintiff requests an entry of default in this matter against all Defendants because, according to Plaintiff, Defendants have failed to plead or otherwise defend against Plaintiff's claims. However, Rule 12(e) of the Federal Rules of Civil Procedure provides that if a pleading is so vague that a party cannot frame a response, the party may move for a more definite statement before interposing a responsive pleading. That is what Defendants did in their Motion for a More Definite Statement or in the Alternative, Request for Review Under 28 U.S.C. § 1915A. Thus, Defendants have "otherwise defend[ed]" as provided by the Federal Rules and are not in default. Accordingly, Plaintiff's Motions for Default and Default Judgment should be denied.

### III. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The crux of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, is that, as a result of Defendants' alleged deliberate indifference, he has been denied access to the courts. Plaintiff then asserts that in light of Defendants' alleged default, addressed in part II *supra*, Defendants cannot oppose Plaintiff's claims.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs

3

the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[3] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, he has failed to show that there is a substantial likelihood that he will prevail on the merits of his claims. Plaintiff maintains Defendants cannot dispute that they are not "legally liable" to Plaintiff, as they have allegedly defaulted in this action. Plaintiff's reliance on this argument is misguided. Defendants have in fact filed a responsive pleading in the form of a Motion for a More Definite Statement, and they are therefore not in default. Indeed, the specifics of Plaintiff's claims have not been identified, let alone have any of the merits been resolved. The Court has simultaneously entered an order directing Plaintiff to amend his complaint in accordance with the Federal Rules of Civil Procedure. Only upon receipt of the amended complaint will the Court ascertain whether the Plaintiff's claims are even viable. Accordingly, Plaintiff has not shown that there is a substantial likelihood that he

---

[3]Here, Plaintiff has styled his motion for injunctive relief as one for both a temporary restraining order and a preliminary injunction. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

will prevail on the merits of whatever his claims might be. Thus, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief.

IV. **CONCLUSION**

In sum, Defendants are not in default, and therefore Plaintiff is not entitled to an entry of default or a default judgment. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default and Plaintiff's motion for a default judgment be **DENIED**. Further, Plaintiff has failed to show a substantial likelihood that he will prevail on the merits of his claims, and therefore, he cannot meet his burden of persuasion on all four requisites for injunctive relief. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief also be **DENIED**.

SO REPORTED and RECOMMENDED this 31st day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE