IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AARON LE VON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-100 |
| | ) | |
| THURBERT E. BAKER, Attorney General, JAMES E. DONALD, JACQUILINE BUNN, FRED BURNETTE, PAT ETHEREDGE, MARK FARRIS, BARBARA GRANT, DENNIS C. MCCRANIE, MARVIN MADISON, STEPHEN HART, PERRY HAMILTON, and GLEN JOHNSON, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections, and a response to those objections, have been filed. (Doc. nos. 35, 36). The Magistrate Judge recommended dismissing Plaintiff's amended complaint for failure to state a claim upon which relief can be granted. As explained below, Plaintiff's objections are without merit.

First, Plaintiff asserts numerous objections to the R&R under the guise that the Magistrate Judge misunderstood the void ab initio claim,[1] and Plaintiff continues, in one

---

[1] As the Magistrate Judge explained, it is Plaintiff's contention that the Honorable H. Frederick Mullis, Jr., Telfair County Superior Court Judge, entered an allegedly fraudulent

form or another, to attempt to challenge his underlying conviction. Plaintiff claims that he "is not asking this Court to reverse Judge Mullis's order, but to act upon the Defendants that lied before him." (Doc. no. 35, p. 4, ¶ 8). The Court disagrees, as Plaintiff himself states:

> The [Magistrate Judge] mentions the process of events in footnote 2 on page 3. Technically, this is correct of what the state got, but it does not represent the truth, because it does not show how the state got it. If one delves into the process on how the state achieved what they got, it would run afoul of the Constitution and criminal laws as prescribed by the U.S. Congress.

(Doc. no. 35, p.13, ¶ 28). Thus, the crux of Plaintiff's argument remains the state's allegedly void ab initio order, regardless of Plaintiff's belated attempt to construe it otherwise.

The Magistrate Judge provided a detailed analysis in the R&R concerning Plaintiff's allegations that his underlying criminal conviction is invalid because Defendants Bunn, Baker, Donald, Burnette, and Etheredge prevented Plaintiff from presenting his allegedly meritorious claim that the judgment entered against him in Fulton County, with regard to a juvenile court proceeding, was void ab initio. (Doc. no. 31, pp. 2, 3) (citing <u>Johnson v. Baker</u>, CV 05-292 (Ga. Super. Ct. Dec. 20, 2005)). The Magistrate Judge also explained that the Honorable John F. Nangle, United States District Judge, previously rejected Plaintiff's void ab initio claim, and therefore the claim should also be dismissed in this case. As such, the Magistrate Judge's analysis in the R&R is sound.

The Magistrate Judge also recommended that Plaintiff's denial of access to the courts

---

proposed order dismissing Plaintiff's state civil rights claim. (Doc. no. 31, pp. 2, 3). According to Plaintiff, this allegedly fraudulent order allowed evidence to be concealed and impeded Plaintiff from obtaining evidence for his claims that the State kidnaped him and his child. (<u>Id.</u>). This in turn, according to Plaintiff, prevented him from presenting his meritorious claim that the juvenile court order from October 8, 2001 was void ab initio. As such, Plaintiff concludes that his conviction and sentence are void ab initio, as they are purportedly based on the juvenile court's void ab initio order. (<u>Id.</u>).

2

claim be dismissed. Plaintiff objects to that recommendation and contends that on numerous occasions he was in fact denied access to the law library.² (Doc. no. 35, ¶¶ 4, 5, 21, 22, 25). In conclusory fashion, Plaintiff states:

> Plaintiff objects to the [Magistrate Judge's R&R] because Plaintiff's claim is that Defendants demonstrated a pattern of behavior which Plaintiff was denied the law library at crucial moments during his pending litigation attacking void ab initio orders, actions which highly possible contributed to his appeals and actions being denied or dismissed.

(Doc. no. 35, p. 2, ¶ 4).

However, as explained in the R&R, merely missing scheduled law library time does not establish a viable claim because no actual injury to existing or contemplated litigation or non-frivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement has been shown. (Doc. no. 31, pp. 9, 10 (citing Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998)). The Magistrate Judge properly concluded that Plaintiff had failed to state a viable denial of access to the courts claim because Plaintiff had not alleged facts demonstrating that he had any possibly viable claims with deficiencies that could have been cured through additional time

---

²As explained in the R&R, Plaintiff alleged that he missed his scheduled law library time because he was placed in the "hole" or in isolation for various reasons that Plaintiff did not believe warranted his placement therein. (Doc. no. 31, pp. 13, 14). For example, Plaintiff now argues that, contrary to the Magistrate Judge's findings, he did describe the basis for one of his denial of access to the courts claims as a fraudulent disciplinary report. Therefore, Plaintiff concludes that he has asserted a sufficiently viable claim. However, Plaintiff again does not explain what was fraudulent about the disciplinary report. Moreover, Plaintiff's objections do not remedy the problem identified in the R&R, that he has no actual injury. Plaintiff continues to simply assert in conclusory fashion that Defendants' actions had the effect of keeping Plaintiff away from the law library during his appeal of a dismissed mandamus petition. As stated above, these conclusory allegations do not show that Plaintiff suffered actual injury and are insufficient to state a claim for denial of access to the courts.

in the law library. (Id. at 10). The Magistrate Judge further found that Plaintiff had not claimed that he was denied all access to legal material, only that he was denied access to the library on certain occasions, during his scheduled times. (Id.). Plaintiff's amended complaint failed to provide sufficient information to sustain a viable claim, and his do not cure the deficiencies.[3] Thus the analysis of the R&R need not be modified on Plaintiff's denial of access to the courts claim.

The Magistrate Judge also recommended that Plaintiff's claims for retaliation be dismissed. Plaintiff now asserts that his retaliation claim against Defendant Burnette centers on Defendant Burnette allegedly not rescheduling Plaintiff for his law library time that he missed while he was in the "hole," and Defendant Burnette's addressing the "grievance concerning himself, which should have been a conflict of interest." (Doc. no. 35, pp. 10, 11, ¶ 23). However, as explained in the R&R, Plaintiff was not disallowed his law library time because he filed his grievance; he missed his scheduled law library time because he was already in the hole. (Doc. no. 31, p. 12). Only after he was let out of the hole did he file his grievance. (Id.).

---

[3]Notably, however, in his objections, Plaintiff attempts to expand upon one aspect of his denial of access to the courts claim regarding events involving Defendant Grant's participation in disciplinary proceedings. As noted by the Magistrate Judge, Plaintiff did not state a viable denial of access to the courts claim based on allegations that he did not have access to a phone - thereby hindering his preparation for his upcoming hearing in his state case, Johnson, CV 05-292 - because Plaintiff had not alleged actual injury. (Doc. no. 31, pp. 11, 12; see also pp. 3, 4, herein). For the same reasons, his objection that Defendant Grant's action hindered his court preparations, namely his request for certiorari to the United States Supreme Court and his habeas hearing, must also fail.

4

Moreover, Plaintiff's contention that he has a claim based on Defendant Burnette's alleged mishandling of a grievance is unavailing. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial

5

court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In his objections, Plaintiff alleges that Defendant Burnette failed to properly handle grievances pertaining to his requests to be rescheduled for the law library. (Doc. no. 35, pp. 10, 11, ¶ 13). However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's grievance claim fails as a matter of law.

Finally, the Court disagrees with Plaintiff's assertion that the Magistrate Judge failed to address Defendants McCranie and Madison. (Doc. no. 35, p. 12, ¶ 25). Defendants McCranie and Madison were named as a part of Plaintiff's denial of access to the courts claim. The R&R sets forth the allegations regarding Plaintiff's access to the courts claim; more specifically, that Plaintiff believed he missed his scheduled law library times because he was placed in the "hole," or isolation, for various reasons that Plaintiff did not believe warranted his placement therein. (Doc. no. 31, pp. 3, 4, 9, 10). The R&R then enumerated Plaintiffs allegations, and included therein were the events involving Defendants McCranie and Madison. (Id. at 4). The Magistrate Judge addressed Plaintiff's access to the courts claim in the R&R (id. at 9, 10), and explained why it failed. The undersigned has also addressed Plaintiff's denial of access to the courts claim in this Order and explained why the analysis in the R&R is appropriate.

All other objections are likewise **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this __12th__ day of March, 2008, at Augusta, Georgia.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE